OPINION
{¶ 1} Defendant-appellant Sean R. Smith ("Smith") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing Smith to two maximum sentences and ordering that they be served consecutively.
 {¶ 2} On June 3, 2004, Smith was interviewed by the St. Marys Police Department regarding four checks written on his step-mother's former bank account. Smith admitted to the officer that he had forged the checks in order to get "quick" money. On June 24, 2004, the Auglaize County Grand Jury indicted Smith with four counts of forgery. Smith entered pleas of not guilty to all counts and the matter was set for trial. Pursuant to a plea negotiation, on July 26, 2004, Smith pled guilty to two of the counts and the remaining counts were dismissed. On September 15, 2004, Smith was sentenced to the maximum sentence of twelve months in prison on each of the charges and the trial court ordered the sentences to be served consecutively. Smith appeals this sentence and raises the following assignments of error.
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in [R.C. 2929.14] resulting in[Smith] receiving a sentence which is contrary to law.
 The trial court's ordering that the sentences of [Smith] are to beserved consecutively to each other was unsupported by the record and wascontrary to law.
 {¶ 3} In Smith's assignments of error, Smith claims that the trial court's imposition of maximum, consecutive sentences is not commensurate with the offense. In order to impose the maximum sentence, the trial court must make certain findings and must give its reasons for doing so on the record. R.C. 2929.14(C). The trial court reviewed all of the factors set forth in the sentencing guidelines. Based upon that review, the trial court found that a prison term was necessary and that Smith posed the greatest likelihood of committing future crimes. This finding was necessary to impose the maximum sentences.
 {¶ 4} The trial court also found that consecutive sentences were necessary to protect the public from future offenses by Smith. The reasons given by the trial court for this sentence were that Smith was willing to victimize his own family as well as his having committed a prior violent offense. Since the trial court made all of the findings required by law in order to impose this sentence, the trial court's sentence is not contrary to law. The first and second assignments of error are overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.